# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Everett Frazier,**
**Commissioner of the West Virginia DMV,**
**Respondent Below, Petitioner**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 19-0465** (Kanawha County 16-AA-26)

**Robert Condia,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles, by counsel Janet James, appeals the order of the Circuit Court of Kanawha County, entered on April 12, 2019, affirming the order of the Office of Administrative Hearings ("OAH") that reversed the Division of Motor Vehicles ("DMV") commissioner's revocation order.[1] Respondent Robert Condia appears by counsel David Pence.

The Court has considered the parties' briefs and record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for entry of an order consistent with this decision.

Raleigh County Sheriff's Department Lt. Randy Burgess arrested Mr. Condia in 2012 after observing Mr. Condia's driving irregularities, observing Mr. Condia's physical manifestations of impairment, hearing Mr. Condia's report that he had been drinking while hunting for the day, finding indicators of intoxication on the walk-and-turn and one-leg stand tests, and administering a preliminary breath test that Mr. Condia failed. Lt. Burgess completed a DUI information sheet that reflects that Mr. Condia refused the secondary chemical breath test. The DMV revoked Mr. Condia's license by order entered on January 24, 2013, on two bases: one for a six-month period for driving under the influence, and one for a one-year period for refusal to submit to the secondary chemical breath test.

The OAH conducted a short hearing (after several continuances at Mr. Condia's request) in 2016. The DMV commissioner failed to obtain personal service on Lt. Burgess, Mr. Condia did

---

[1] When the revocation order was entered, Adam Holley was the Acting Commissioner of the West Virginia Division of Motor Vehicles. Pursuant to Rule 41(c) of the Rules of Appellate Procedure, the current commissioner, Everett Frazier, has been automatically substituted as the named petitioner herein.

1

not subpoena Lt. Burgess, and Lt. Burgess did not appear at the 2016 hearing. The DMV commissioner submitted his file to the OAH. The file contained the officer's DUI information sheet and the Intoximeter ticket reflecting that Mr. Condia was given an informed consent form for the secondary chemical breath test at 12:29 a.m., and he refused the secondary test at 12:56 a.m. Mr. Condia did not testify at the hearing. The OAH entered an order affirming the revocation on the DUI determination, but reversing the revocation on Mr. Condia's refusal to submit to the secondary chemical test. The hearing examiner found that Lt. Burgess gave Mr. Condia an informed consent form for the secondary chemical test, but she concluded that there was no indication in the DMV commissioner's file that the investigating officer gave Mr. Condia the requisite fifteen-minute period to consider his decision to refuse the test.

The DMV commissioner appealed the OAH order insofar as it reversed the revocation based on Mr. Condia's refusal to submit to the secondary chemical breath test. The circuit court affirmed the OAH order of revocation, finding that the arresting officer's documents should not have been admitted into evidence by the OAH because they lacked the appropriate foundation. The circuit court reasoned, thus, that no evidence supporting either of the DMV commissioner's revocation orders was submitted.

The DMV commissioner appeals the circuit court's order on three bases. He argues that the circuit court erred in: (1) excluding the DMV commissioner's file; (2) failing to observe that the DMV is not obligated to produce the investigating officer's testimony at a revocation hearing; and (3) failing to address the evidence establishing that Mr. Condia refused to submit to the Intoximeter test. We have explained:

> "In cases where the circuit court has [reversed] the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law de novo." Syllabus Point 2, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).

Syl. Pt. 2, *Reed v. Winesburg*, 241 W. Va. 325, 825 S.E.2d 85 (2019).

It is well-settled that the DMV file is to be accepted into evidence at a hearing before the OAH. Our starting point toward that conclusion is the statutory direction, as yet unassailed before this Court, that

> [a]ll evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself, shall be offered and made a part of the record in the case, and no other factual information or evidence shall be considered in the determination of the case. Documentary evidence may be received in the form of copies or excerpts or by incorporation by reference.

W. Va. Code § 29A-5-2(b). We have repeatedly reminded litigants that this premise continues to hold true, though the agency in possession of the administrative file is no longer responsible for conducting the administrative hearing. *See* W. Va. Code § 17C-5C-5(a) (Repl. Vol. 2013) (2010)

2

(recognizing the "transition of the administrative hearing process from the Division of Motor Vehicles to the Office of Administrative Hearings"). In 2010, "[t]he Office of Administrative Hearings [was] created as a separate operating agency within the Department of Transportation." W. Va. Code § 17C-5C-1(a) (2010) (Repl. Vol. 2013). As recently as 2018, we emphasized that,

> [a]s evidenced by the use of the word "shall," admission of the evidence identified in the statute is mandatory. [*Crouch v. W. Va. Div. of Motor Vehicles*, 219 W.Va. 70, 76, 631 S.E.2d 628, 634 (2006)] The secondary chemical test result was in the DMV's possession, and the DMV sought to avail itself of the result. Accordingly, the result of the secondary chemical test should have been admitted into evidence, subject to a rebuttable presumption as to its accuracy. *Id.* at 76, n.12, 631 S.E.2d at 634, n.12 ("We point out that the fact that a document is deemed admissible under the statute does not preclude the contents of the document from being challenged during the hearing. Rather, the admission of such a document into evidence merely creates a rebuttable presumption as to its accuracy.").

*Reed v. Lemley*, No. 17-0797, 2018 WL 4944553, at *4 (W. Va. Oct. 12, 2018)(memorandum decision). Moreover, we have reiterated, since the separation of the OAH from the DMV, that

> "[i]n an administrative hearing conducted by the Division of Motor Vehicles, a statement of an arresting officer, as described in W. Va. Code § 17C-5A-1(b) (2004) (Repl.Vol.2004), that is in the possession of the Division and is offered into evidence on behalf of the Division, is admissible pursuant to W. Va. Code § 29A-5-2(b) (1964) (Repl.Vol.2002)." Syl. Pt. 3, *Crouch v. West Virginia Div. Of Motor Vehicles*, 219 W.Va. 70, 631 S.E.2d 628 (2006).

Syl. Pt. 7, *Dale v. Odum*, 233 W. Va. 601, 760 S.E.2d 415 (2014). This guidance applied to the record before us yields the conclusion the OAH erred in excluding the DMV file and in excluding the officer's report contained therein. It follows, of course, that the DUI information sheet that the OAH failed to consider—showing, as it did, that twenty-seven minutes elapsed from the time that Mr. Condia signed the informed consent form and the time he refused the secondary chemical breath test—creates a rebuttable presumption that Mr. Condia refused the test.

For the foregoing reasons, the circuit court's April 12, 2019, order is hereby reversed, and the case is remanded for entry of an order reinstating the DMV commissioner's order.

Reversed and remanded.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison